THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v.
EMIL G. ROSCHLI, Respondent.

Argued May 25, 1937; decided July 13, 1937.

*Samuel J. Foley,* District Attorney (*Sol. Boneparth* and
*Herman J. Fliederblum* of counsel), for appellant. The
contracts entered into by the members of the association
in relation to the plate glass fund were insurance contracts.
The making of thirty-three separate insurance contracts
with thirty-three persons constitutes engaging in the

business of insurance in violation of section 54 of the Insurance Law (Cons. Laws, ch. 281). (*Tyler* v. *New Amsterdam Fire Ins. Co.*, 27 N. Y. Super. Ct. 151; *People* v. *Standard Plate Glass & Salvage Co.*, 174 App. Div. 501; *Cross* v. *National Fire Ins. Co.*, 132 N. Y. 133; *Brown* v. *United States Casualty Co.*, 95 Fed Rep. 935; *Whiteside* v. *North American Acc. Ins. Co.*, 200 N. Y. 320; *People* v. *Metropolitan Surety Co.*, 205 N. Y. 135; *People ex rel. Hegeman* v. *Corrigan*, 195 N. Y. 1; *People ex rel. Allen* v. *Whiting*, 68 Misc. Rep. 306; *Cunningham* v. *Mellin's Food Co.*, 121 Misc. Rep. 353; *People* v. *Meola*, 193 App. Div. 487.) The fact that the fund may be classified as a mutual or co-operative company, or the fact that membership in the fund is limited to members of the association, and that it does not undertake to insure outsiders, does not operate to exempt the instant case from the operation of the Insurance Law. (*State* v. *Alley*, 96 Miss. 720; *Swan* v. *Mutual Reserve Fund Life Assn.*, 155 N. Y. 9.)

*Howard L. Kuttner* and *Henry M. Wolfson* for respondent. A contract of insurance contemplates a contractual obligation on the part of the insurer and an assumption of risk of loss by the insurer. Both of these factors are non-existent under the facts in the case at bar. (*Brownell* v. *Board of Education*, 239 N. Y. 369; *Stern* v. *Rosenthal*, 71 Misc. Rep. 422.) The operation of the plate glass fund does not constitute the engaging in the business of insurance. (*White* v. *Haight*, 16 N. Y. 310; *People ex rel. Daily Credit Service Corp.* v. *May*, 162 App. Div. 215; 212 N. Y. 561; *Commonwealth* v. *Provident Bicycle Assn.*, 178 Penn. St. 636; *Blanchard* v. *Hamblin*, 162 Mo. App. 242.) The operation of the fund is not violative of the public policy of the State as manifested by legislative enactment or otherwise. (*People* v. *Gillson*, 109 N. Y. 389; *People* v. *Marcus*, 185 N. Y. 257; *Lochner* v. *New York*, 198 U. S. 45; *Colaizzi* v. *Pennsylvania R. R. Co.*, 208 N. Y. 275.)

LOUGHRAN, J. Defendant was convicted in the Court of Special Sessions of the City of New York upon an information charging him with having conducted an unauthorized insurance business in violation of section 54 of the Insurance Law (Cons. Laws, ch. 28). The judgment of conviction was reversed by the Appellate Division on questions of law. Whether the defendant " engaged in the business of insurance " within the intendment of the statute is the single question to be determined upon the undisputed facts.

Manhattan & Bronx Retail Grocers' Association is a domestic membership corporation. It maintains a so-called " Plate Glass Fund " for members only which is administered by the defendant as its secretary. He serves without compensation. Any member may pay a certain sum of money annually into the fund, " according to the amount of glass he wishes protected." As many as thirty members contributed thereto at " a definite rate per square foot." They " paid pro-rata for their glass to be replaced in case of breakage." (See Insurance Law, § 70, subd. 6.) All understood that should the fund become exhausted at any time it " would automatically close up," and that there were to be " no assessments or anything in the event the money would be used up." The aggregate of contributions at all times exceeded anticipated payments. "At the end of the year, after a saving of about sixty per cent, fifty per cent is paid back to the members, maybe ten per cent is kept as a reserve for next year." Each contributor received a " certificate of membership " attesting that he had deposited a stated sum with the secretary. It was therein asserted that, " The fund is not an insurance or indemnity company, nor does it take insurance risks or issue insurance policies." This recital was followed by a " Description of Glass " by " size " and " location." On the instrument received in evidence as a specimen appears the phrase, " Balance sheet glass not covered."

We think the evidence established the offense charged.

This fund was a device whereby the contributors, through a chain of reciprocal agreements, undertook to insure each other at cost. In its essentials it was " that system whereby individuals, partnerships, or corporations engaged in a similar line of business undertake to indemnify each other against a certain kind or kinds of losses by means of a mutual exchange of insurance contracts, usually through the medium of a common attorney in fact appointed for that purpose by each of the underwriters, under agreements whereby each member separately becomes both an insured and an insurer with several liability only." (G. J. Couch, Reciprocal or Inter-insurance, 94 A. L. R. p. 836.) What is in substance a contract of insurance cannot be changed into something else by giving it another name. (*Trustees of First Baptist Church* v. *Brooklyn Fire Ins. Co.*, 19 N. Y. 305; 28 N. Y. 153, 161; *First Nat. Bank* v. *National Surety Co.*, 228 N. Y. 469, 472.) Inter-insurers are within the statute (Insurance Law, art. 10). The prohibition against engaging in the business of insurance without the prescribed authority is absolute. (Id. § 54.) Since it is conceded that the defendant was not so authorized he was validly convicted. (Id. § 53.)

*Colaizzi* v. *Pennsylvania R. R. Co.* (208 N. Y. 275) is here beside the mark. There the parties were employer and employee and the relief benefits secured to the latter were but the incidents of the contract of employment.

The judgment of the Appellate Division should be reversed and that of the Court of Special Sessions affirmed.

CRANE, Ch. J., O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur; LEHMAN, J., dissents and votes to affirm.

Judgment accordingly.